UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELANE SIMS,

       Plaintiff,                    CIVIL ACTION NO. 10-10379

v.                             DISTRICT JUDGE BERNARD A. FRIEDMAN
                                 MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant could perform a restricted range of sedentary work.

\* \* \*

Plaintiff filed an application for Social Security Supplement Security Income (SSI) on August 31, 2001, alleging that she had been disabled and unable to work since August 1, 2000, at age 36, due to sleep apnea, headaches, joint pain, mood changes and memory problems. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on December 9, 2008[1], before Administrative Law Judge (ALJ) Ethel Revels. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the residual capacity to perform a restricted range of simple, unskilled sedentary work allowing the use of a

---

[1] Earlier hearings were held in August 2003, and August 2006, which resulted in decisions to deny SSI benefits. The Appeals Council remanded the case twice, in October 2005 and October 2007, for additional hearings in order to procure medical expert testimony and allow claimant to supplement the record (TR 372).

cane. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 42 years old at the time of the remanded administrative hearing (TR 90). She had been graduated from high school, and had been employed during the relevant past as a cashier, packer, launderer, house cleaner, cook and child care worker (TR 82). These jobs required Plaintiff to stand for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 50 pounds on a regular basis (TR 84-86).

Plaintiff stopped working in 2001 due to severe joint pain. She doubted that she could return to work due to severe back, neck, shoulder, arm, hip and leg pain (TR 329). Claimant had to lie down several times a day in order to get pain relief (TR 327). She was allegedly unable to sit or stand for prolonged periods (TR 325-327). Plaintiff estimated that she could lift about 5 pounds (TR 327). Despite treatment for depression, she continued to suffer periodic crying spells and anxiety attacks (TR 672, 674, 684). Other impairments which prevented claimant from returning to work included chronic headaches, sleep apnea and breathing difficulties related to asthma (TR 685-686, 678-679).

A Vocational Expert, Richard Szydlowski, classified Plaintiff's past work as light, unskilled activity (TR 738). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[2] (TR 745). If she were capable of

---

[2]The witness testified that claimant's alleged need to lie down for several hours a day to relieve her joint pain would preclude all work activity (TR 745).

**2**

sedentary work, however, there were numerous unskilled inspection and surveillance monitoring jobs that she could still perform with minimal vocational adjustment (TR 740, 743). These simple, routine jobs allowed the use of a cane to walk, and did not expose her to dangerous machinery, unprotected heights or high production demands. They did not require the repetitive use of the left hand or frequent bending. She could take a day off work once a month. There would be little contact with either the public or supervisors (TR 740).

A medical expert, Dr. Larry Kravitz, a psychologist, testified at the remand hearing that Plaintiff had been treated for depression, a bipolar disorder and dysthymic problems (TR 732-733). As a result of these impairments, Dr. Kravitz opined that Plaintiff was moderately restricted in social functioning and maintaining concentration, persistence or pace. She had no episodes of deterioration in the work setting (TR 734).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of hypertension, gastro-esophageal reflux disease, left sided transient ischemic attack, degenerative changes of the cervical spine and fibromyalgia. The ALJ found that she suffered from major depression, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's multiple impairments prevented her from working at jobs requiring the repetitive use of the left hand, and from work involving frequent bending. The Law Judge also restricted claimant from jobs that would expose her to dangerous machinery, unprotected heights or high production demands. Claimant could not have close contact with the public or co-workers, and she needed the use of a cane in order to

ambulate. Employers would have to accommodate claimant's need to be absent from work one day a month. Nevertheless, the Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of sedentary work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration her the opinion of her treating physician. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain and major depression.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from her joint pain or mental depression.

The medical evidence demonstrated that claimant's back pain would not prevent her from performing a restricted range of sedentary work. Dr. Hazem Samir, a treating internist, reported that Plaintiff enjoyed a normal range of shoulder movement with good motor strength and no tenderness on palpation (TR 652). While she experienced tenderness and limited range of lumbosacral motion, there were no associated back spasms. Bilateral straight leg raising was negative (TR 652). The treating doctor found no unusual neurological deficits upon examination, as overall strength, sensation and reflexes in the lower extremities were within normal limits (TR 652). These clinical findings were similar to those reported by other examining physicians of record (TR 260, 655, 657).

Treatment successfully resolved claimant's pituitary issues, headaches and sleep apnea (TR 173, 387-388, 549, 615, 679). Moreover, Plaintiff was able to engage in everyday household activities (TR 256). She acknowledged that she could lift up to five pounds (TR 327). Dr. Kravitz, a medical advisor, testified that Plaintiff was only mildly restricted in her activities of daily living (TR 734). The ALJ accommodated claimant's complaints of joint pain by restricted her from jobs around dangerous machinery and unprotected heights. Claimant was further allowed the use of a cane in order to ambulate, and could be absent from work one day a month (TR 376).

The ALJ reasonably accommodated Plaintiff's mental difficulties by limiting her to simple, routine and repetitive tasks performed in a work environment that did not place high production demands on her. She was restricted to only occasional interactions with the public and co-workers (TR 376). To support her mental residual functional capacity evaluation, the ALJ relied on the testimony of Dr. Kravitz, who noted limited mental health treatment in the record after 2005. Dr. Kravitz observed that the only mention of claimant's depressed mood and anxiety was from her internist, who did not conduct an in-depth review of her psychological status (TR 730). The ALJ additionally considered evidence indicating that Plaintiff's psychological symptoms worsened when she was not on medication or attending therapy (TR 388).

Plaintiff relies heavily upon the fact that Dr. Samir opined in February 2008, that she was "permanently and completely disabled" (TR 635). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical

findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Samir offered little objective evidence during the relevant period to support his February 2008, statement of disability[3], his opinion need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Contrary to Plaintiff's assertion, the ALJ was not bound by the disability finding of a state agency, who applied different standards when granting her state disability benefits (TR 262-268). The ALJ did not disregard the decision of the state agency, but she provided a reasonable explanation for not giving it great weight (TR 389). There is also no merit to Plaintiff's argument that the ALJ erred in relying on the Vocational Expert's testimony about jobs she could perform. Even though the surveillance system jobs identified by the VE usually requires high concentration and observation, the VE testified that an individual with moderate limitation for concentration could still perform this job provided only two screens required monitoring. The VE clarified that there were about one thousand surveillance jobs that could accommodate this concentration limitation (TR 743).

---

[3]The doctor failed to provide clinical or diagnostic medical evidence substantiating his opinion that the claimant could not walk, stand and sit for long enough periods to perform a full range of sedentary work activity. The ALJ adopted some of the restrictions imposed by the treating doctor, but chose not to follow all of them since the walking, sitting and standing limitations were inconsistent with the objective evidence of record. Furthermore, the ALJ correctly rejected the May 2004, disability opinion rendered by Dr. Chwaikani, who asserted that Plaintiff was disabled due to psychiatric concerns and fibromyalgia complications (TR 531). Dr. Chwaikani was not a mental health specialist, and his determination concerning claimant's psychological limitation was properly discounted by the ALJ (TR 377, 389).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule

72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                       s/Donald A. Scheer
                                       DONALD A. SCHEER
                                       UNITED STATES MAGISTRATE JUDGE

DATED: August 5, 2010

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 5, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 5, 2010: **None.**

                                       s/Michael E. Lang
                                       Deputy Clerk to
                                       Magistrate Judge Donald A. Scheer
                                       (313) 234-5217